**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICA WHITE,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES PAROLE<br>COMMISSION,<br><br>    Respondent. | No. 09-72269<br><br>BOP No. 05025-707<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Bureau of Prisons

Submitted March 4, 2010**
Pasadena, California

Before: RYMER, WARDLAW and N.R. SMITH, Circuit Judges.

Erica White challenges a sentence imposed by the United States Parole

Commission ("USPC") that she serve a two year term of supervised release, as a

result of her conviction in Japan for illegally importing marijuana into the country.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

The panel first reviews a sentencing order for "significant procedural error," then it reviews "the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "It would be procedural error for [the USPC] to fail to calculate—or to calculate incorrectly—the Guidelines range; . . . to fail to consider the § 3553(a) factors; . . . or to fail adequately to explain the sentence selected . . . ." *Id.* The panel looks at the "totality of the circumstances" to determine whether a sentence is substantively unreasonable. *Id.* The standard of review for substantive reasonableness is abuse of discretion. *Id.*

The USPC did not commit significant procedural error. The USPC properly determined the guideline range for White's term of supervised release to be two to three years. *See* U.S. Sentencing Guidelines Manual § 5D1.2(a). Further, the USPC sufficiently explained the basis for the sentence through its consideration of the applicable supervised release sentencing guideline range, the factors listed in 18 U.S.C. § 3553(a), and the Post Sentence Report.

Reviewing the totality of the circumstances, the USPC did not abuse its discretion by sentencing White to a two year term of supervised release. The sentence imposed was within the proper guideline range. Although we do not presume that a sentence which falls within the guideline range is reasonable, we

note "that a Guidelines sentence will usually be reasonable." *Carty*, 520 F.3d at 994 (internal quotation marks and citations omitted). The USPC noted its understanding that the guidelines were advisory. In making its determination, the USPC expressly stated that it considered the guidelines, the § 3553(a) factors, and the Post Sentence Report (which explicitly considered those factors). In particular, the USPC explained that, by imposing this term of supervised release, it sought to (1) assist White in obtaining an approved release plan (given her personal circumstances), and (2) help her address her medical needs.

Therefore, the sentence imposed by the USPC is AFFIRMED.